UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST KENDRID,<br><br>                    Plaintiff,<br><br>       v.<br><br>MARZAN, et al.,<br><br>                    Defendants. | No.  2:22-cv-2301 TLN CSK P<br><br>ORDER TO SHOW CAUSE |

      Plaintiff is a former civil detainee, proceeding without counsel, with this civil rights action pursuant to 42 U.S.C. § 1983.  For the reasons stated herein, plaintiff is ordered to show cause why this action should not be dismissed for failure to prosecute.

      On June 27, 2024, the Court issued a further scheduling order.  (ECF No. 36.)  On July 8, 2024, the order was returned, marked "unclaimed."

      Local Rule 183(b) requires that a party appearing in propria persona inform the court of any address change.

      Plaintiff has not filed a notice of change of address since his mail was returned.  The inmate locator for the California Department of Corrections and Rehabilitation ("CDCR") confirms that plaintiff is no longer in state custody.[1]  In addition, court records from plaintiff's

---

[1] This information was obtained from the CDCR Inmate Locator website, https://apps.cdcr.ca.gov/ciris/search (accessed Sept. 9, 2024).  The Court may take judicial notice

1

other civil rights case, Kendrid v. Yahiva, No. 2:23-cv-1145 CSK P (E.D. Cal. July 17, 2024), reflect that plaintiff was released from prison on or around June 10, 2024.[2] (Id. (ECF No. 36 at 2).) Plaintiff did not file a change of address following his release from prison.

For these reasons, plaintiff is ordered to show cause why this action should not be dismissed for failure to prosecute.

Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order, plaintiff shall show cause why this action should not be dismissed for failure to prosecute. Failure to respond to this order will result in a recommendation of dismissal of this action.

Dated: September 10, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/kend2301.osc

---

of public records available on online inmate locators.  See United States v. Basher, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); see also Foley v. Martz, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of CDCR's inmate locator).

[2] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001) (court may take judicial notice of dismissal and ground therefore, but not of disputed facts therein). Proper subjects of judicial notice include "court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); Fed. R. Evid. 201(b)(2).