UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST KENDRID, | No. 2:22-cv-2301 TLN CSK P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| MARZAN, et al., | |
| Defendants. | |

Plaintiff is a former civil detainee, proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  On October 3, 2024, this Court ordered plaintiff to file a status report within thirty days, and this order was re-served on plaintiff on November 19, 2024.  (ECF No. 40.)  Multiple months have passed, and plaintiff has still not filed a status report.  As discussed below, the Court recommends that this action be dismissed for failure to prosecute.

I.   BACKGROUND

On November 30, 2023, the Court issued a discovery and scheduling order.  (ECF No. 31.)  The parties were advised that failure to comply with the order, the Federal Rules of Civil Procedure or the Local Rules of Court may result in the dismissal of the action.  (Id. at 2.)

On June 27, 2024, the Court issued a further scheduling order, and plaintiff was ordered to file a pretrial statement on or before November 12, 2024.  (ECF No. 36 at 4-5.)  The parties were advised that failure to file a pretrial statement may result in the imposition of sanctions, including

1

1 dismissal of this action. (Id. at 5.) Plaintiff did not file a pretrial statement. On November 26, 2024, defendants filed their pretrial statement. (ECF No. 42.)

On September 10, 2024, plaintiff was ordered to show cause why this action should not be dismissed for failure to prosecute in light of plaintiff's failure to file a pretrial statement. (ECF No. 38.) Following receipt of a letter from plaintiff's aunt, the order to show cause was discharged, and on October 3, 2024, plaintiff was ordered to file a status report within thirty days, and he was cautioned that failure to respond would result in a recommendation that this action be dismissed for lack of prosecution. (ECF Nos. 39, 40.)

On October 11, 2024, plaintiff's copy of the October 3, 2024 order was returned as undeliverable. Plaintiff submitted a change of address on November 12, 2024 (ECF No. 41), and the October 3, 2024 order was re-served on plaintiff at his new address on November 19, 2024.

II.     DISCUSSION

"District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. Thompson v. Housing Auth., City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, in determining to recommend that this action be dismissed, the Court considered the five factors set forth above. The first two factors strongly support dismissal of this action. This action has been pending for over two years and reached the pretrial conference stage. Plaintiff's

failure to comply with the order requiring plaintiff to file a pretrial statement as well as the order requiring plaintiff to file a status report suggests that plaintiff has abandoned this action, and that further time spent by the Court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to file a pretrial statement and status report, is neutral. While plaintiff's failure to file a pretrial statement and status report delays resolution of this action, and a presumption of injury arises from the unreasonable delay in prosecuting an action, Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976), plaintiff was also warned that the failure to file the required status report would result in a recommendation that this action be dismissed for failure to prosecute, and such dismissal would not prejudice defendants.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction.

The fifth factor favors dismissal. The Court advised plaintiff of the requirements under the Local Rules and following his failure to file a pretrial statement, ordered plaintiff to file a status report, all to no avail. The Court finds no suitable alternative to dismissal of this action.

Therefore, for the reasons set forth above, the first, second, and fifth factors strongly support dismissal, and the third factor is neutral. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.

Accordingly, IT IS HEREBY ORDERED that the pretrial conference set for December 3, 2024 (ECF No. 36) to be conducted on the file is vacated; and

Further, IT IS RECOMMENDED that this action be dismissed without prejudice based on plaintiff's failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

1 | objections shall be filed and served within fourteen days after service of the objections. The
2 | parties are advised that failure to file objections within the specified time may waive the right to
3 | appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 9, 2025

*[signature]*
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/kend2301.fsr.fpt

4